`
UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 5, 2019

LETTER TO COUNSEL

RE: *Tammy Lee B. v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-18-631

Dear Counsel:

On March 2, 2018, Plaintiff Tammy Lee B. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 13, 18. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed her claim for benefits on December 8, 2015, alleging an onset date of April 27, 2015. Tr. 170-71. Her claim was denied initially and on reconsideration. Tr. 103-06, 110-11. A hearing was held on July 20, 2017, before an Administrative Law Judge ("ALJ"). Tr. 41-84. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 21-35. The Appeals Council declined review, Tr. 1-6, making the ALJ's opinion the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "cervical and lumbar degenerative disc disease, status post fusion procedures; history of pulmonary embolism; obesity; depression; and generalized anxiety disorder." Tr. 23. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant may not reach overhead with the bilateral upper extremities. She can frequently handle and finger bilaterally. She can occasionally balance, kneel, stoop, crouch, crawl, and climb ramps and stairs. She may not climb ladders, ropes, or scaffolds and should avoid workplace hazards such as unprotected heights and dangerous,

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

> moving machinery. She should avoid concentrated exposure to extreme heat and respiratory irritants. The claimant is limited to understanding, remembering, and carrying out simple tasks. She may have only occasional interactions with the public, co-workers, and supervisors.

Tr. 27. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work, but could perform other jobs existing in the national economy. Tr. 33-35. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 35.

Plaintiff makes three arguments on appeal: (1) that the ALJ's RFC assessment runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); (2) that the ALJ should have considered a closed period of disability; and (3) that the ALJ assigned inadequate weight to the opinion of her treating physician. I agree that the ALJ's analysis did not comply with *Mascio,* and I therefore grant remand under sentence four. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Beginning with the successful argument, in *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 637-38. At step three of the sequential evaluation, the SSA determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2017). Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (2017). The relevant listings therein consist of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* §§ 12.00(A), (G). A claimant's impairments meet the listings relevant to this case by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A).

Paragraph B consists of four broad functional areas including: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. *Id.* § 12.00(A)(2)(b). The functional area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." *Id.* § 12.00(E)(3).

The SSA employs the "special technique" to rate a claimant's degree of limitation in each functional area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(b), (c)(2) (2017). The SSA uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id.* §§ 404.1520a(c)(4). A moderate limitation signifies that the claimant has only a fair ability to

function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(F)(2)(c) (2017).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

At step three in the instant case, the ALJ found that Plaintiff had moderate limitations maintaining concentration, persistence, or pace. Tr. 26. The entirety of the ALJ's analysis stated:

> With regard to concentrating, persisting, or maintaining pace, the claimant has moderate limitations. Through her representative, the claimant alleged marked impairment in the ability to maintain attention and concentration. She explained that her pain and anxiety have affected her ability to concentrate. The claimant stated that she could follow written instructions well, but she could only do two things at a time, or else she forgets. However, she claimed to prepare simple meals and read approximately five books per week, which indicates some ability to concentrate and persist. The claimant's mental health treatment and the effects of pain and anxiety on concentration, despite an ability to do two things at a time and read five books per week indicate no more than moderate difficulties in this functional domain.

*Id.* (internal citations omitted).

The remainder of the ALJ's RFC assessment contains very little discussion of Plaintiff's mental health impairment. The ALJ reviewed some limited mental health records, although she largely cited records from physicians who had examined Plaintiff for physical reasons to suggest that Plaintiff had not demonstrated mental health symptoms during those appointments. Tr. 31. The ALJ acknowledged that the evidence of record supported "problems with attention and concentration due to pain and anxiety." Tr. 32. Despite that acknowledgement, the ALJ only imposed a limitation to "understanding, remembering and carrying out simple tasks," Tr. 27, without explaining how that limitation would compensate for Plaintiff's impairment. The cursory "explanation" states only "the undersigned has considered all the evidence of record, including a

brief submitted by the claimant's representative." Tr. 33. Without an explanation containing meaningful detail, I am unable to understand the precise nature of the moderate limitation found by the ALJ, and unable to determine whether the RFC assessment had to incorporate any specific conditions to accommodate the limitation. The restriction to "simple tasks," Tr. 27, is directly analogous to the language deemed insufficient in *Mascio,* and addresses only Plaintiff's inability to perform complex tasks, not her ability to sustain either simple or complex work over a full eight-hour workday. I am therefore unable to ascertain whether the RFC assessment would permit a person with Plaintiff's limitations to maintain a competitive pace, with only normal breaks. In light of these inadequacies, I must remand the case to the SSA for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.

Because the case is being remanded on other grounds, I need not address whether the ALJ should have found a closed period of disability or should have assigned additional weight to the opinions of Plaintiff's treating physician, Dr. Chambliss. On remand, the ALJ can consider whether additional explanation is required on either issue. I note, however, that in her discussion of Dr. Chambliss's mental health evaluation, the ALJ cited certain limitations Dr. Chambliss found, but then did not discuss how those limitations were addressed by the RFC assessment. Tr. 32. Furthermore, the ALJ failed to note that Dr. Chambliss found that Plaintiff had marked, not moderate, limitations in the areas of understanding, remembering, and carrying out detailed instructions, and maintaining attention and concentration. Tr. 544. The ALJ should be mindful, on remand, of the requirement that she "build an accurate and logical bridge from the evidence to [her] conclusions." *Monroe v. Colvin*, 826 F.3d 176, 179 (4th Cir. 2016) (internal quotations omitted).

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, ECF 15, is DENIED, and Defendant's Motion for Summary Judgment, ECF 18, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                               Sincerely yours,

                                               /s/

                                               Stephanie A. Gallagher
                                               United States Magistrate Judge